UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:06-CR-464-T-17TGW

ANTHONY LEON WARRICK.

_____/

ORDER

This cause is before the Court on: .

Dkt. 778   Motion for Jail Time Credit
Dkt. 814   Response

Defendant Anthony Leon Warrick, pro se, asserts that only 72 days jail time credit was applied toward his sentence, although Defendant was first sentenced (sic) on November 8, 2006. Defendant Warrick seeks jail credit from November 8, 2006, when Defendant was originally arrested. Defendant Warrick requests that the Court construe this Motion as any petition deemed appropriate for the Court to award Defendant Warrick jail time credit.

In its Response, the Government requests that the Court enter an Order requiring the Bureau of Prisons to recalculate Defendant Warrick's remaining term of imprisonment.

I. Standard of Review

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam); Trawinski v. United Technologies,

Case No. 8:06-CR-464-T-17TGW

313 F.3d 1295, 1297-1298 (11th Cir. 2002). And although we are to give liberal construction to the pleadings of pro se litigants, "we nevertheless have required them to conform to procedural rules." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

[F]ederal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

II.   Defendant's Motion for Additional Jail Credit

After pleading guilty to Count One, Defendant Warrick was sentenced on October 9, 2007 to 235 months imprisonment, with credit for time served to be calculated by the Bureau of Prisons, 60 months supervised release, fine waived, and a special assessment fee of $100.00 (Dkts. 379, 396). Defendant Warrick's term of imprisonment was later reduced to 170 months.

As the Supreme Court has explained:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. Sec. 3621(a).... To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail time credit under Sec. 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning a defendant.

See U.S. v. Wilson, 112 S.Ct. 1351, 1355 (1992). The Supreme Court further

2

Case No. 8:06-CR-464-T-17TGW

points out that federal regulations afford prisoners administrative review of the the computation of their credits. See 28 C.F.R. Secs. 542.10 - 542.16 (1990); U.S. v. Lucas, 898 F.2d 1544 (11th Cir. 1990). Prisoners have been able to seek judicial review after exhausting their administrative remedies...U.S. v. Flanagan, 868 F.2d 1544, 1546 (11th Cir.1989). Id at 1355.

After exhausting the administrative remedies available, an inmate may seek judicial review by filing a habeas petition under 28 U.S.C. Sec. 2241. A § 2241 petition may properly proceed where the petitioner challenges the execution of his sentence. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining that challenges to the execution of a sentence are cognizable under § 2241). However, the petitioner must exhaust available administrative remedies before he can obtain relief. Santiago-Lugo v. Warden, 785 F.3d 467, 474–75 (11th Cir. 2015). See Davis v. Warden, FCC Coleman - USP 1, 661 Fed. Appx. 561 (11th Cir. August 8, 2016)(unpublished).

After consideration, the Court denies Defendant's Motion for Jail Time Credit without prejudice, and directs Defendant Warrick to exhaust the available administrative remedies prior to filing a habeas petition. Accordingly it is

**ORDERED** that pro se Defendant Anthony Leon Warrick's Motion for Jail Time Credit (Dkt. 778) is **denied** without prejudice. Defendant Warrick shall exhaust administrative remedies prior to filing a habeas petition pursuant to 28 U.S.C. Sec. 2241. The Clerk of Court **shall provide** habeas forms to pro se Defendant.

Case No. 8:06-CR-464-T-17TGW

**DONE and ORDERED** in Chambers in Tampa, Florida on this 13th day of August, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Pro Se Defendant

Anthony Leon Warrick
49160-018
MARIANNA FEDERAL CORRECTIONAL INSTITUTION
P. O. BOX 7007
MARIANNA, FL     32447-7007